UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA, *Plaintiff*, v. SUZANNE FLYNN, *Defendant*. | Civil No. 3:18cv35 (JBA) February 13, 2019 |
|---|---|

**RULING GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff United States of America moves for summary judgment against Defendant Suzanne Flynn, arguing that Defendant has "failed to assert any viable defenses to the United States' claims or present any genuine issue of material fact." (Pl.'s Mot. for Summ. J. [Doc. # 8] at 1.) For the reasons that follow, Plaintiff's motion is granted.

**I. Background**

Plaintiff alleges that "the Defendant is indebted to the Plaintiff" for a combined principal amount of $58,438.11, plus combined interest of $10,834.40, plus additional interest thereafter. (Compl. [Doc. # 1] ¶¶ 3-4.) Plaintiff alleges that "[d]emand has been made upon the Defendant by the Plaintiff for the sum due, but the amount due remains unpaid." (*Id.* at p. 2.) Plaintiff therefore seeks "judgment against the Defendant for the combined total of $69,272.51, plus costs, plus interest that accrues from January 8, 2018 to the date of judgment." (*Id.*) Plaintiff attached to its Complaint two Certificates of Indebtedness which state that Defendant executed several promissory notes to secure loans from the U.S. Department of Education in 1996, 1997, and 1998. (Exs. A and B to Compl. [Doc. ##1-1, 1-2].)

Defendant contends[1] that she "submitted timely loan payments to the [Department of Education] each and every month for a period of ten (10) consecutive years, commencing in February, 2000, and ending in April, 2010, at which time, Defendant fell on extreme hardship." (Def.'s Opp. at 1-2.) She alleges that the "total payments made by Defendant at the time payments ceased amounted to $73,745.26." (*Id.* at 2.) The Borrower History and Activity Report attached by Defendant to her opposition shows payments of varying amounts, beginning in February 2000 and ending in April 2010, and ultimately lists "$73,745.26" under the column "TOT PAID." (Ex. A to Def.'s Opp. (Borrower History and Activity Report.) [Doc. # 9] at 2.) Defendant contends that this payment history "directly contradicts" the Plaintiff's claim, via the Certificates of Indebtedness, that Defendant defaulted on December 1, 2012. (Def.'s Opp. at 2.)

In her Answer, Defendant, who is proceeding *pro se* in this matter, represented that she "presently lacks sufficient knowledge or information to determine the truth of the allegations" in paragraphs 3 and 4 of the Complaint. (Answer [Doc. # 7] at ¶¶ 3-4.) She further asserted several affirmative defenses, including "laches"; "prevention, frustration, and impossibility of performance"; "contrary to public policy"; "failure to act in a commercially reasonable manner";

---

[1] Defendant did not submit a Local Rule 56(a)(1) Statement of Undisputed Facts, though her memorandum in opposition to Plaintiff's motion was styled as such. Because Defendant is *pro se*, the Court will consider the evidentiary claims included in and attached to her memorandum in support of her opposition to Plaintiff's motion. *See United States v. Whittlesey*, 2010 WL 1882283, at *2 (D. Conn. May 11, 2010) ("Because the defendant in this case is proceeding *pro se*, the court must read the defendant's pleadings and other documents liberally and construe them in a manner most favorable to the defendant. . . . Moreover, because the process of summary judgment is 'not obvious to a layman,' . . . the district court must ensure that a *pro se* defendant understands the nature, consequences, and obligations of summary judgment." (internal quotations and citations omitted).)

and "unenforceability of the Promissory notes submitted to Defendant by the U.S. Department of Education." (*Id.* at ¶¶ 6-10.)

Plaintiff thereafter moved for summary judgment, arguing that Defendant has "failed to assert any viable defenses to the United States' claims or present any genuine issue of material fact." (Pl.'s Mot. for Summ. J. at 1.) Defendant opposed that motion, (Def.'s Mem. Opp. Mot. for Summ. J. [Doc. # 9]), the Plaintiff replied, (Pl.'s Reply [Doc. # 10), and Defendant was granted leave to file a sur-reply but did not do so, (Order Granting Def.'s Mot. for Leave to File Sur-Reply [Doc. # 12]).

## II. Discussion

Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

"'The Government is entitled to summary judgment if its evidence establishes that [defendant] signed promissory notes, received loans pursuant to these notes, and defaulted on

3

[her] payment obligations,' . . . 'and if its evidence supports the amount it alleges is due.'" *United States v. Cohen*, 111 F. Supp. 3d 166, 172 (D. Conn. 2015) (quoting *United States v. Mullaney*, 2010 WL 4681251, at *1 (D. Conn. 2010) and citing *Chem. Bank v. Geller*, 727 F.2d 61, 64 (2d Cir.) *decision clarified on denial of reh'g*, 734 F.2d 132 (2d Cir. 1984), *United States v. Whittlesey*, 2010 WL 1882283, at *2 (D. Conn. May 11, 2010)). Presentation by Plaintiff of "a certificate of indebtedness and the promissory note sued upon" may satisfy the government's *prima facie* case. *Id.* (citing *Whittlesey*, 2010 WL 1882283, at *2).

Defendant argues that, because Plaintiff only "presented the certificates of indebtedness but not the original, signed promissory notes," it has not established its *prima facie* case. (Def.'s Opp. at 1.) Plaintiff did subsequently place in the record those promissory notes as attachments to its Reply to Defendant's Opposition. (Exs. 1-6 (Promissory Notes) to Pl.'s Reply [Doc. ## 10-1—10-16].) Plaintiff has met its burden to demonstrate the debt owed by Defendant, shifting the burden to Defendant to prove any defenses to repayment. *See Mullaney*, 2010 WL 4681251, at *2 (citing *Proctor v. U.S. Dept. of Ed.*, 196 Fed. App'x 345, 348 (6th Cir. 2006) (once a *prima facie* case is established, "the burden of proof of a defense to repayment is on the debtor")).

Defendant pled a variety of affirmative defenses: (1) laches; (2) frustration and impossibility of performance; (3) contrariness to public policy; (4) failure to act in a commercially reasonable matter; and (5) unenforceability of the promissory notes. (Answer ¶¶ 6-10.) Plaintiff argues that each defense lacks merit. (Mem. Supp. Mot. for Summ. J. [Doc. # 8-1] at 4-6.)

First, Defendant argues that the "equitable defense of laches is applicable, as according to the ED payment schedule, Defendant ceased making payments in April, 2010 [and] . . . Defendant has, as a result of the egregious delay, suffered irreparable lifetime damage via creditworthiness, finances, reputation, stigma, employment prospects, a ballooning loan balance, deprivation of due

4

process, and the despair of being trapped in a loan servicing system so broken, from which there was no available remedy." (Def.'s Opp. at 2.) Defendant contends that this delay is in violation of 28 U.S.C. § 2415, which states that

> every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or law, whichever is later.

Plaintiff argues that this six-year limitation and the related laches defense are inapplicable to suits for recovery of student loan debt. As to the statute of limitations, "[b]efore the enactment of [the Higher Education Technical Amendments of 1991], the statute of limitations period was six years for suits to recover on defaulted student loans. . . . However, when Congress enacted HETA, it retroactively eliminated any statute of limitations" for student loan debt recovery. *Rumbin v. Duncan*, 2016 WL 632440, at *4 (D. Conn. Feb. 17, 2016) (citing cases) (holding that Defendant's "invocation of the statute of limitations fails as a matter of law under HETA"). *See* Higher Education Act of 1965, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub. L. No. 99–272 (1986) (codified at 20 U.S.C. § 1091a(a)(4)(B) & (C)).

The equitable defense of laches requires proof of three elements: "(1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay." *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998). However, "[i]t is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940). Moreover, the "overwhelming majority of courts have rejected the claim as a defense to federally financed student loans." *United States v. Litts*, 2000 WL 435484, at *3 (D. Conn. Feb. 28, 2000) (collecting cases).

Therefore, Defendant's claim that Plaintiff's case is barred by the statute of limitations or the defense of laches lacks merit.

Next, Defendant asserts affirmative defenses of frustration and impossibility of performance, contrariness to public policy, and failure to act in a commercially reasonable manner. In support of these defenses, Defendant argues that she "suffered an extreme hardship preventing payment, however, thereafter made multiple good faith efforts to submit payment, but was prevented and obstructed from doing so directly as a result of (a) the refusal by collection agencies to validate the debt, which is in violation of Fair Debt Collection Practices Act (FDCPA) . . . [and] (b) seemingly arbitrary, bloated outstanding balances due and owing, penalty charges, fees and costs and in some instances balances significantly higher than what is now purported to be owed." (Def.'s Opp. at 3-4.) She argues further that "no reasonable person, by any objective reasonable person standard would submit any payment to any such entity under these deeply disturbing set of facts" and that "every student loan borrower has a right to expect that a loan will be serviced in a fair and equitable manner." (*Id.* at 4.)

However, Defendant neither makes any specific factual allegations regarding nor points to any evidence in the record in support of her claimed extreme hardship, her attempts to make payment and any obstruction thereof, any inaccuracies in the calculation of the debt currently owed, or any behavior on the part of Plaintiff which suggests that her loan was not serviced in a fair and equitable manner. Although the Court must "construe the record in the light most favorable to the non-movant" when considering a motion for summary judgment and must "draw[] all permissible inferences in [her] favor," those "inferences drawn must be supported by the evidence, . . . and mere speculation and conjecture is insufficient to defeat a motion for summary judgment." *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 315 (2d Cir. 1997) (internal

quotation omitted). Because Defendant now bears the burden of proving defenses to repayment, and in the absence of any evidence sufficient to support inferences in favor of these claimed affirmative defenses, Defendant's claims of frustration and impossibility of performance, contrariness to public policy, and failure to act in a commercially reasonable manner are unavailing.

Finally, Defendant argues that the underlying promissory notes are unenforceable because, "in accordance with universally accepted contract law principles, a legally binding agreement was not entered into if terms of repayment and interest rate, which are material to the notes, were not agreed to by defendant, and hence there was no meeting of the minds." (Def.'s Opp. at 5.) She argues that "[t]here is no evidence that Defendant entered into a legally binding agreement." (*Id.*) However, Plaintiff has submitted six promissory notes, signed by Defendant, which clearly indicate the terms of the loans. (Promissory Notes.) These notes contradict Defendant's claim that she did not agree to material terms and was not party to a binding agreement. *See Booking v. General Star Management Co.*, 254 F.3d 414, 418 (2d Cir. 2001) (district courts likely have discretion to consider new argument raised in reply brief, especially where "trial judges can provide parties with an adequate opportunity to respond to particular arguments by ordering additional briefing"). Defendant was granted leave to file a sur-reply in response to Plaintiff's Reply, (Order Granting Leave to File Sur-Reply), but she did not do so.

Plaintiff has established that Defendant signed promissory notes, received loans pursuant to these notes, and defaulted on her payment obligations, and Plaintiff has established the amount owed. Even drawing all reasonable inferences in favor of Defendant, she has not proved any of the claimed affirmative defenses, and Plaintiff is entitled to summary judgment in its favor.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. # 8] is GRANTED. Judgment shall enter for Plaintiff in the amount of $69,840.90 as of April 10, 2018, plus additional interest of $6.18 per day accruing from that date until the judgment is paid.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of February 2019.